IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY J. CUNNINGHAM, SR., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 17-cv-126-RJD |
| MARCUS JENKINS, JANA CARRIE, JOSHUA SIMMS, NATHAN T. SANDERS, CHARLES TANNER, RONALD BRUNER, JONAVAN BRIDWELL, DEREK R. JOHNSON, MICHAEL DUNLAP, ILLINOIS DEPARTMENT OF CORRECTIONS, and WARDEN OF LAWRENCE CORRECTIONAL CENTER, | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Timothy J. Cunningham, Sr., an inmate in the custody of the Illinois Department of Corrections ("IDOC"), sets forth claims pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act, and the Rehabilitation Act. Plaintiff's claims arise from his incarceration at Pinckneyville Correctional Center and Lawrence Correctional Center. Plaintiff is proceeding on the following claims (as enumerated in the Court's threshold order):

Count 8: Rehabilitation Act claim against the Illinois Department of Corrections for denying Plaintiff access to telephone privileges on a comparable basis to non-disabled inmates while he was incarcerated at Pinckneyville Correctional Center and Lawrence Correctional Center.

Count 9: Rehabilitation Act claim against the Illinois Department of Corrections and the Warden of Lawrence for failing to provide Plaintiff with the same accommodations in the ADA gym as was offered to inmates using the regular gym in relation to excessive heat from March 11, 2016 through September 16, 2016.

Count 10: Eighth Amendment claim against Defendant Jenkins for failing to accommodate Plaintiff's disability when he transported him on February 10, 2015 and March 28, 2015, causing Plaintiff to wet himself and suffer humiliation. Claim under the ADA and Rehabilitation Act against the IDOC for failing to accommodate Plaintiff's disability-related needs during trips to the doctor's office.

Count 11: First Amendment retaliation claim against Defendants Carie, Simms, Sanders, Tanner, Bruner, Jenkins, Bridwell, Johnson, and Dunlap for denying Plaintiff ice distribution between June 19, 2015 and October 22, 2015, conducting compliance checks, and cutting short meal times in response to Plaintiff filing grievances.

On April 3, 2019, Defendants IDOC, the Warden of Lawrence Correctional Center, Jana Carie, Ronald Bruner, Joshua Simms, Nathan Sanders, and Charles Tanner filed a Motion for Summary Judgment that is now before the Court[1] (Doc. 55). Plaintiff filed his response on June 4, 2019 (Doc. 64). For the reasons set forth below, Defendants' Motion is **GRANTED IN PART AND DENIED IN PART**.

## Background

Plaintiff Timothy J. Cunningham, Sr. is a wheelchair-bound inmate who was incarcerated at Pinckneyville Correctional Center ("Pinckneyville") and Lawrence Correctional Center ("Lawrence") at all times relevant (Doc. 56-1 at 27). While at Pinckneyville, and after his transfer to Lawrence in September 2014, telephones were available on the gallery based on a first-come, first-serve basis (*Id.* at 27-28). Due to his handicap, Plaintiff was unable to "compete" with able-bodied inmates to secure a telephone (*Id.*). As a result, Plaintiff would have to pay other inmates to secure a phone on his behalf and was only able to make a phone call about once a week (*Id.* at 31). Plaintiff's testimony was reflective of complaints he had set forth in his grievances attached to his summary judgment response (*see* Doc. 64 at 21-25).

---

[1] Defendants Jenkins, Bridwell, Johnson, and Dunlap have not filed a motion for summary judgment as to the claims against them. Accordingly, Plaintiff will proceed in this action against these defendants.

While at Lawrence, there were two gyms that were used interchangeably for the ADA gym — neither gym was designated as the "ADA" gym and use of a gym as the ADA gym was based on scheduling (Doc. 56-1 at 33-34). The gyms were not air conditioned and, during the warm months of 2016, Plaintiff testified that the heaters were still on in both gyms (*Id.* at 35-37). Plaintiff testified it was extremely hot and estimated it was "120 degrees" (*Id.* at 34-35). In response to Defendants' motion, Plaintiff submitted a grievance in which he complained that officers placed a large fan near the gym for able-bodied inmates, but did not provide a fan for the ADA gym (*see* Doc. 64 at 20). Plaintiff reiterates the statements set forth in this grievance in his verified response to Defendants' summary judgment motion.

On February 10, 2015 and March 27, 2015[2], Plaintiff was transported by Defendant Jenkins and one other, unknown correctional officer to doctor's appointments in Mt. Vernon, Illinois (Doc. 56-1 at 37-38). During these trips, Plaintiff, who is incontinent, was denied the use of a urinal and was not provided an opportunity to change his Depends diaper, so he wet himself (*Id.* at 39-40). Plaintiff approximated these trips lasted approximately four to five hours (*Id.* at 51). Plaintiff testified that other officers were able to handle his incontinence without issue during transport, but Defendant Jenkins handled it improperly (*Id.* at 50). Plaintiff explained he believed the IDOC should have taken corrective action with regard to Defendant Jenkins after he filed a grievance concerning the February 10, 2015 trip (*Id.* at 51). Plaintiff's testimony was reflective of complaints he had set forth in his grievances attached to his summary judgment response (*see* Doc. 64-1 at 2-7).

Following the filing of several grievances, Defendants Bridwell, Dunlap, and Johnson

---

[2] In his complaint, Plaintiff indicates the dates at issue are February 10, 2015 and March 27, 2015; however, in his response to Defendants' motion for summary judgment, he indicates the relevant dates are February 10, 2015 and March 17, 2015. The Court notes this discrepancy for clarification, but it has no effect on the nature of Plaintiff's claims and is not dispositive of any issue.

denied Plaintiff ice on various occasions (Doc. 56-1 at 54-55, 70, and 76-77). Defendant Bridwell also conducted two compliance checks while Plaintiff was in the healthcare unit, and, at his deposition, Plaintiff testified that Bridwell wrote two citations due to Plaintiff being out of compliance (*Id.* at 56). Defendant Carie heard the first ticket and found Plaintiff guilty, imposing 30 days of C-grade or commissary denial (*Id.* at 61-63). Plaintiff testified Carie did not listen to Plaintiff's arguments (*Id.* at 61).

With regard to Defendant Simms, Plaintiff testified he was a correctional officer and heard a ticket issued to Plaintiff regarding a coffee cup (*Id.* at 73). Plaintiff testified that Simms found Plaintiff guilty of the infraction based on testimony provided by Dunlap at the hearing and imposed 30 days of commissary denial (*Id.* at 73-76). Plaintiff testified that Simms violated his due process rights by not sufficiently investigating the ticket (*Id.* at 76).

With regard to Defendants Bruner and Tanner, Plaintiff testified these Defendants failed to provide Plaintiff with a mailing that was directed to the law library for copying, but was ultimately delayed in the control center of Lawrence (*Id.* at 65, 79). More specifically, Plaintiff testified that he handed a correctional officer a 200-page document to be sent to the law library and copied (*Id.* at 65-66). After the document was not returned to Plaintiff, he asked Bruner about the document and was told it was in the control center (*Id.* at 67-68). Bruner did not retrieve or return the document to Plaintiff (*Id.* at 69). Plaintiff also testified that Tanner was aware that the mailing was in the control center and did not return it to Plaintiff (*Id.* at 79). Plaintiff went to the control center and Tanner handed Plaintiff the document (*Id.*).

At his deposition, Plaintiff was unable to provide any testimony concerning Defendant Sanders or why he was named a defendant in this lawsuit (*Id.* at 78). However, in Plaintiff's response, he explains that Sanders retaliated against Plaintiff by "ticketing him and punishing him

for pursuit of medication for an acute migraine headache" (Doc. 64 at 8). Plaintiff writes that Sanders (along with Carie) acted in concert with Bridwell, Johnson, and Dunlap in retaliation for Plaintiff's filing of grievances (*Id.*).

### **Summary Judgment Standard**

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In assessing a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

### **Discussion**

*Count Eight*

Section 504 of the Rehabilitation Act prohibits any agency that receives federal funds from excluding, subjecting to discrimination, or denying the benefits of any of their programs to otherwise qualified individuals with disabilities. 29 U.S.C. § 794(a). Failure to make reasonable

accommodations to ensure participation in the public entity's programs or services by a person with a disability qualifies as "discrimination." 42 U.S.C. § 12112(b)(5)(A); *Wisc. Cmty. Servs., Inc. v. City of Milwaukee*, 465 F.3d 737, 753 (7th Cir. 2006).

In the prison context, a plaintiff can make out a prima facie case of discrimination under the Rehabilitation Act by showing: (1) he is a qualified person; (2) with a disability; (3) the Department of Corrections denied him access to a program or activity because of his disability or otherwise subjected him to discrimination; and (4) the denial or discrimination was by reason of his disability. *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012), citing 29 U.S.C. § 705(2)(B); *Wis. Cmty. Serv. v. City of Milwaukee*, 465 F.3d 737, 746 (7th Cir. 2006); *Foley v. City of Lafayette*, 359 F.3d at 928 (7th Cir.2004); *Grzan v. Charter Hosp. of Nw. Ind.*, 104 F.3d 116, 119 (7th Cir. 1997). Refusing to make reasonable accommodations is tantamount to denying access; although the Rehabilitation Act does not expressly require accommodation, "the Supreme Court has located a duty to accommodate in the statute generally." *Id*. In the prison setting, accommodations should be judged in light of overall institutional requirements which include safety, security, and feasibility. *Love v. Westville Correctional Center,* 103 F.3d 558, 561 (7th Cir. 1996).

In Count Eight, Plaintiff asserts he was denied access to telephone privileges on a comparable basis to non-disabled inmates. Defendant IDOC contends it is entitled to judgment as a matter of law because there is no evidence it denied Plaintiff access to telephones because of his disability. Defendant points to Plaintiff's deposition testimony, wherein Plaintiff explained that other, non-disabled inmates were also not able to access the telephones if they were not able to reach them quickly.

First, the Court notes Defendant has not disputed that Plaintiff suffers from disabilities as

defined by the Act, that the IDOC receives federal financial assistance, or that use of telephones is a program or activity under the Rehabilitation Act. Thus, the central issue for the Court to determine is whether Plaintiff was denied access to telephones because of his disability. Notably, in *Jaros v. IDOC*, the Seventh Circuit found the inability of disabled inmates to access prison services on the *same basis* as non-disabled inmates meant the prison had failed to provide reasonable accommodation. *Jaros v. IDOC*, 684 F.3d at 672 (7th Cir. 2012). In this instance, there is sufficient evidence in the record for a reasonable jury to conclude that the prison had failed to ensure Plaintiff, a disabled inmate, could access the telephones on the same basis as non-disabled inmates. Notwithstanding the fact that other, slower inmates were also unable to access the telephones, the Court finds sufficient evidence in the record that Plaintiff was denied access to the telephones "by reason" of his disability, rather than a quality he shared generally "with the public." *See Wisconsin Cmty. Services Inc. v. City of Milwaukee*, 465 F.3d 737, 748 (7th Cir. 2006).

*Count Nine*

In Count Nine, Plaintiff sets forth a Rehabilitation Act claim against the IDOC and the Warden of Lawrence for failing to provide Plaintiff with the same accommodations concerning the excessive heat from March 11, 2016 to September 16, 2016 in the ADA gym as was offered in the able-bodied gym. Defendants assert summary judgment in their favor is warranted as there is no indication Plaintiff was denied use or access to a gym. Defendants also note Plaintiff's deposition testimony wherein he explained there were two gyms at Lawrence that were used interchangeably as either the ADA or the able-bodied gym.

Again, Defendants have not disputed that Plaintiff suffers from disabilities as defined by the Act or that the IDOC receives federal financial assistance. Thus, the question is whether

Plaintiff was denied access to the gym and whether such denial was because of his disability. There is no evidence that Plaintiff was denied access or was unable to attend the gym because of his disability. Further, there is no evidence Plaintiff was constructively denied access to the gym as there is no indication in the record that Plaintiff did not attend gym or chose not to go because of the excessive heat in the ADA gym in 2016.

Moreover, the evidence establishes that neither gym at Lawrence was specifically designated as the ADA gym and both were used interchangeably. According to Plaintiff's testimony, both gyms were excessively hot during the months at issue in 2016. Although Plaintiff has provided some evidence that a fan was placed near the able-bodied gym on some occasions, such evidence is not sufficient for a reasonable juror to find Plaintiff was denied access to the gym on the same basis as able-bodied inmates. Accordingly, Defendants IDOC and the Warden of Lawrence are entitled to judgment as a matter of law on Count Nine.

*Count Ten*

In Count Ten, Plaintiff sets forth an Eighth Amendment claim against Defendant Jenkins, as well as ADA and Rehabilitation Act claims against the IDOC for failing to accommodate Plaintiff's disability-related needs during transport to the doctor's office in February and March 2015. The Court notes Defendant Jenkins does not seek summary judgment on Count Ten; thus, the Court's analysis is limited to the ADA and Rehabilitation Act claims brought against the IDOC.

Similar to the Rehabilitation Act, Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Indeed, the analysis governing each

statute (Rehabilitation Act and the ADA), "is the same except that the Rehabilitation Act includes as an additional element the receipt of federal funds, which all states accept for their prisons." *Jaros*, 684 F.3d at 672.

Defendants assert there is no evidence the IDOC had a policy or procedure of failing to accommodate Plaintiff's disability-related needs during transportation. Defendants further contend that Plaintiff's belief the IDOC should have taken corrective action in regards to actions taken by Defendant Jenkins does not demonstrate that Plaintiff was denied access to a program or activity because of his disability.

In viewing the evidence in the light most favorable to Plaintiff, the Court finds he was made to wait to use a urinal or change his diaper for approximately four to five hours on two occasions, during which time he wet himself. Although such circumstance was certainly uncomfortable and humiliating, the Court does not find that Plaintiff was denied services within the meaning of either statute as any such denial was fleeting and occurred on only two occasions. *See Wagoner v. Lemmon*, 778 F.3d 586, 593 (7th Cir. 2015) (finding the wheelchair-bound plaintiff was not denied services within the meaning of either the ADA or the Rehabilitation Act because his access to some programs or activities was neither wholly denied nor severely limited, but rather, "only inconvenienced with longer waits and humiliation" because he was not provided with a wheelchair backrest or a wheelchair-ready van). Further, based on Plaintiff's deposition testimony, it appears the IDOC had implemented accommodations for Plaintiff's toileting needs through the use of diapers and urinals, but Defendant Jenkins failed to allow Plaintiff to partake in such accommodations. Notably, Plaintiff is proceeding in this action against Defendant Jenkins on an Eighth Amendment claim.

For the above-stated reasons, IDOC is entitled to judgment as a matter of law on Count

Ten.

*Count Eleven*

In Count Eleven, Plaintiff sets forth a First Amendment retaliation claim against Defendants Carie, Simms, Sanders, Tanner, Bruner, Jenkins, Bridwell, Johnson, and Dunlap. Plaintiff contends these defendants denied him ice, conducted compliance checks, and cut short his meal times in retaliation for his filing of grievances.

Defendants Carie, Simms, Bruner, Tanner, and Sanders assert they are entitled to summary judgment on Plaintiff's retaliation claim.

A prison official who takes action in retaliation for a prisoner's exercise of a constitutional right violates the Constitution. *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). The Seventh Circuit has articulated that for a plaintiff to prevail on a First Amendment retaliation claim, he must show that: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was "at least a motivating factor" in the defendant's decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008)) (other citations omitted).

At the summary judgment stage, the Seventh Circuit has held that the burden of proving causation is split between the parties. *Kidwell v. Eisenhauer*, 679 F.3d 957, 965 (7th Cir. 2012). Initially, in order to establish a prima facie case, the plaintiff must produce evidence that his speech was at least a "motivating" factor in the defendant's decision to take retaliatory action. *Id.* Then, the burden shifts to the defendant to rebut the causal inference raised by the plaintiff's evidence and show that the harm would have occurred anyway, despite the protected activity. *Id.* If the defendant fails to counter the plaintiff's evidence, then the defendant's retaliatory actions are

considered a "necessary condition" of the plaintiff's harm, and the plaintiff has established the "but-for" causation needed to succeed on his claim.  *Id.*

**Defendant Carie**

First, Defendant Carie asserts the evidence against her falls outside the claims in which Plaintiff was allowed to proceed on in this matter.  The Court agrees.  The Court allowed Plaintiff to proceed on a First Amendment retaliation claim in Count Eleven based on the allegation that Defendants denied Plaintiff ice, conducted compliance checks, and cut short meal times in response to his filing of grievances.  At his deposition, Plaintiff clearly stated that Defendant Carie was not involved in any of the alleged retaliatory conduct.  Indeed, the record indicates that Plaintiff contends Carie conspired to retaliate against Plaintiff by finding him guilty on a disciplinary ticket issued in relation to a compliance check.  While the Court finds the evidence relevant to Carie is beyond the scope of this lawsuit as set forth in the Court's threshold order, it still considers whether such evidence is sufficient to survive summary judgment as a complaint may be amended at any time to conform to evidence.  *See Winger v. Winger*, 82 F.3d 140, 144 (7th Cir. 1996).

Here, even when the evidence is viewed in the light most favorable to Plaintiff, summary judgment in favor of Defendant Carie is clearly warranted.  Significantly, there can be no adverse, retaliatory action without knowledge of protected conduct.  *Morfin v. City of East Chi.*, 349 F.3d 989, 1005 (7th Cir. 2003) ("The protected conduct cannot be proven to motivate retaliation if there is no evidence that the defendants knew of the protected activity") (internal quotations and citations omitted).  While Plaintiff asserts he filed grievances (which it is undisputed is an activity protected by the First Amendment), there is no indication Defendant Carie was aware that any such grievances were filed before she held the hearing in which she

found Plaintiff guilty on a disciplinary ticket. Thus, it follows there is no evidence indicating that Carie's decision on the disciplinary ticket was motivated by Plaintiff's filing of grievances. While evidence of retaliatory motive may be shown in some instances by suspicious timing, the record is not clear as to what Plaintiff is alleging is the timing in this instance; thus, it is not apparent that Carie's action followed "close on the heels" of Plaintiff engaging in a protected activity. *Kidwell v. Eisenhauer*, 679 F.3d 957, 966 (7th Cir. 2012).

Accordingly, Defendant Carie is entitled to summary judgment.

**Defendant Simms**

The Court's analysis with regard to Defendant Simms is similar to its analysis set forth above with regard to Defendant Carie. Again, there is no evidence that Defendant Simms denied Plaintiff ice, conducted compliance checks, or cut short meal times in response to Plaintiff filing any grievances, which allegations form the basis of Count Eleven. However, as it did above, the Court will consider whether the evidence against Defendant Simms is sufficient to withstand Defendant's motion for summary judgment.

Similar to Defendant Carie, Plaintiff testified that Defendant Simms found him guilty of a disciplinary infraction and imposed thirty-days of commissary restriction. As with Defendant Carie, there is no evidence Simms was aware Plaintiff had engaged in a protected activity prior to holding the hearing at issue, nor is there any indication Simms took any adverse action against Plaintiff because he had engaged in a protected activity. Defendant Simms is therefore entitled to summary judgment.

**Defendants Bruner and Tanner**

The evidence against Defendants Bruner and Tanner concern a mailing that they failed to return to him that was delayed in the control center at Lawrence. Again, any issue concerning a

mailing was not identified by the Court in Count Eleven. However, the Court will consider whether the record is sufficient for Plaintiff to withstand Defendants' request for summary judgment.

Even when viewing the record in Plaintiff's favor, there is no indication that either Defendant Bruner or Tanner knew Plaintiff had filed grievances or otherwise engaged in protected conduct, or that they withheld the mailing at issue because he had engaged in such conduct. Moreover, the Court does not find that Defendants' actions concerning his mailing would deter First Amendment activity in the future. Plaintiff's mailing was in the control center for approximately one week and, after which, it was returned to him. Plaintiff had only intended to copy the document, and there is no indication any delay in its return or copy caused any harm to Plaintiff. For these reasons, Defendants Bruner and Tanner are entitled to summary judgment.

### **Defendant Sanders**

Although Plaintiff was unable to offer any testimony at his deposition concerning Defendant Sanders, he clarified in his response to Defendants' motion for summary judgment that Defendant Sanders retaliated against him by "ticketing him and punishing him for pursuit of medication for an acute migraine headache," as did Defendant Carie (Doc. 64 at 8). Plaintiff writes that Sanders (along with Carie) acted in concert with Bridwell, Johnson, and Dunlap in retaliation for Plaintiff's filing of grievances.

Again, the evidence against Sanders is beyond what the Court designated at issue in Count Eleven. However, the Court goes on to consider whether there is sufficient evidence in the record to withstand Defendant's motion for summary judgment, and it finds there is not. The evidence as to Sanders is again devoid of any indication that he knew Plaintiff had engaged in a protected activity and was motivated by the same in finding him guilty on the disciplinary ticket and

imposing commissary restriction as punishment. For this reason, Defendant Sanders is entitled to summary judgment.

Finally, the Court notes it need not consider whether summary judgment is appropriate based on qualified immunity as to Defendants Carie, Simms, Bruner, Sanders, and Tanner as it has found they did not violate Plaintiff's constitutional rights.

## Conclusion

Based on the foregoing, the Motion for Summary Judgment filed by Defendants IDOC, the Warden of Lawrence Correctional Center, Jana Carie, Ronald Bruner, Joshua Simms, Nathan Sanders, and Charles Tanner (Doc. 55) is **GRANTED IN PART AND DENIED IN PART**. The Clerk of Court is directed to enter judgment in favor of the Warden of Lawrence Correctional Center, Jana Carie, Ronald Bruner, Joshua Simms, Nathan Sanders, and Charles Tanner and against Timothy Cunningham at the close of this case.

Plaintiff shall proceed in this matter on the following claims:

Count 8: Rehabilitation Act claim against the Illinois Department of Corrections for denial of access to telephone privileges on a comparable basis to non-disabled inmates while Plaintiff was incarcerated at Pinckneyville Correctional Center and Lawrence Correctional Center.

Count 10: Eighth Amendment claim against Defendant Jenkins for failing to accommodate Plaintiff's disability pursuant to the ADA when he transported him on February 10, 2015 and March 28, 2015, causing Plaintiff to wet himself and suffer humiliation.

Count 11: First Amendment retaliation claim against Defendants Jenkins, Bridwell, Johnson, and Dunlap for denying Plaintiff ice distribution between June 19, 2015 and October 22, 2015, conducting compliance checks, and cutting short meal times in response to Plaintiff filing grievances.

**IT IS SO ORDERED.**

**DATED: January 15, 2020**

*s/* *Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**