IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TIMOTHY J. CUNNINGHAM, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 17-cv-126-RJD |
| | ) | |
| JENKINS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### PLAINTIFF'S AMENDED MOTION TO REOPEN DISCOVERY AND TO CONTINUE JULY 13, 2021 TRIAL

NOW COMES Plaintiff, Timothy Cunningham, Sr., through undersigned counsel, and for his Amended Motion to Reopen Discovery and to Continue the July 13, 2021 Trial, states:

1. On Friday, **June 11, 2021**, Defendants identified *nearly 1200* pages documents with its Rule 26(a)(3) disclosures – none of which had been previously shared or produced in this case. *See* Defendants Rule 26(a)(3) disclosures. (Doc. 132). This case is currently set for trial **July 13, 2021.** See below a true and accurate picture of the documents Defendants identified.



1

2. Defendants also disclosed 22 potential witnesses in the same Rule 26(a)(3) Disclosures. *See* Defendants Rule 26(a)(3) Disclosures. (Doc. 132). Several of the witnesses disclosed by Defendants are individuals with whom Plaintiff and his counsel are not familiar.

3. Although Defendants previously served 67 pages of documents with its Initial Disclosures, none of the additional 1,178 pages of new documents referenced above were included in Defendants' Initial Disclosures.

4. In addition, none of the 1,178 pages of new documents were attached to Defendants' Motion for Summary Judgment, brought over two years ago, on April 3, 2019.

5. On October 28, 2020, the parties mediated this case. Although documents relevant to Plaintiff's claims may have advanced the parties' negotiations, none of the 1,178 pages of new documents mentioned above were presented to Plaintiff around the time of the mediation, either.

6. The Court appointed attorney Mike Clithero [1] to represent Plaintiff Timothy Cunningham, Sr. on January 23, 2020, *after the close of discovery.* (Doc. 76). Plaintiff's counsel was granted leave to serve document requests for the limited purpose of identifying witnesses, but has not been able to request further documents from Defendants.

7. Despite 5 years of litigation, a motion for summary judgment two years ago, and a mediation 8 months ago, Defendants did not disclose any of the documents in bates range 68 to 1246 until June 11, 2021, 31 days before the trial of this case on July 13, 2021.

8. Plaintiff's counsel communicated with Plaintiff Timothy Cunningham at the earliest possible juncture following Defendants Rule 26(a)(3) disclosures and now brings this Amended Motion to Reopen Discovery and Continue the Trial of this Case on Plaintiff's behalf.

---

[1] Attorney Michael Clithero, a former partner at Lathrop GPM LLP, withdrew from the case on March 2, 2021 (Doc. 116) after his appointment, as a result of Mr. Clithero's recent retirement. Associate Attorney Mitchell Martin with Lathrop GPM LLP is now sole counsel of record for Plaintiff. (Doc. 116).

9. The following documents are among the new documents Defendants disclosed:

   a. Medical Records (Bates 68-719)

   b. Call Records (Bates 720 – 735, 1110 – 1125)

   c. Security Summary for Escorts (736-738)

   d. Pan Management Report Call Logs from Lawrence (739-740)

   e. Communication Logs (741-1109)

   f. Movement History (1130-31)

   g. Orientation Manual (1161-1240)

   h. Living Unit History (1126-1129)

   i. Cumulative Counseling Summary (1132-1160)

   j. Crossroads Medical Notes (1241-1246) [2]

10. Defendants have disclosed 651 pages of what appears to be Plaintiff's entire medical history for a five-month period in 2015. However, only one Count of Plaintiff's Complaint (Count 10) relates to doctor's visits which occurred in February and March of 2015, in relation to a surgery on Plaintiff's penis and subsequent follow-up visits. Therefore, the time frame included in the medical records is overly broad. In addition, Plaintiff's medical records contain confidential information about a wide range of medical issues completely unrelated to the doctor's visits in February and March of 2015. Therefore, the records contain large swaths of confidential and irrelevant information.

---

[2] The crossroads medical records disclosed involve visits to Urologist Dr. Gary Regan. Upon information and belief and after consultation with Plaintiff, Dr. Regan's medical records would not be included in Defendant's IDOC file. Plaintiff does not know how counsel obtained Plaintiff's medical records from Dr. Gary Regan, but notes for the record the duty of counsel to refrain from having communications with Plaintiff's physician. *Petrillo v. Syntex Laboratories*, 148 Ill.App.3d 581, 595 (1st Dist. 1986).

3

11. In addition, each page within the 368 pages of Communications Logs offered as potential exhibits contain substantial redactions, without any privilege log. Therefore, it is difficult to impossible to determine what evidentiary value (if any) the Communications Logs have.

12. The examples above are merely illustrative, and are in no way intended to be exhaustive. Other similar examples exist.

13. Plaintiff's counsel will have to review all of the documents, confer with his client, and determine whether the documents are relevant, whether they have foundation, and what (if anything) the content within means for Plaintiff's case.

14. To make these determinations, Plaintiff will also need to depose witnesses with knowledge who are able to explain the documents, how the documents were created, when they were created, and what the information contained within actually represents. Without the ability to do so, the contents of many of the exhibits Defendants have presented is (and will remain) a mystery to Plaintiff and his counsel, as Defendants have not provided any records affidavits or testimony explaining the above.

15. Once Plaintiff and his counsel are able to fully review the documents offered as exhibits, whether they are relevant, whether they have foundation, and what they purport to mean, Plaintiff should be provided an opportunity to respond with his own evidence, to explain his position or rebut Defendants' position by conducting further discovery, and to offer additional exhibits and witnesses at trial.[3]

---

[3] Given the recent disclosure of thousands of documents, the process of preparing for trial is likely to take more time for Plaintiff and his counsel to complete than it will for Defendants and their counsel. To communicate with his client, Plaintiff's counsel must schedule phone calls and visits with the facility where Plaintiff is located in advance, rather than simply picking up the phone. *See* Counsel's Monday June, 14 Request for client Phone Call and Facility Response attached hereto as **Exhibit 1.** These requests often take days to fulfill from the time the request is made. Upon information and belief, the facility where Plaintiff is located is currently transitioning to a maximum security facility, which may also result in delays. In addition, although Plaintiff is not aware of any wrongdoing, at least one of Defendants' disclosed witnesses is in control of when Plaintiff's counsel may visit his client, and for how long. Compare Doc. 132, ¶ 1 (m), naming Katie Bice as a potential witness, with Email Correspondence between counsel's

16. If Plaintiff and his counsel were required to proceed to trial without a full and fair opportunity to review Defendants' exhibits, depose Defendants' disclosed witnesses (several of whom Plaintiff is not familiar with), confer with each other, perform further discovery, and offer additional exhibits and witnesses at trial, Plaintiff would be greatly prejudiced in the presentation of his case.

17. Defendants, on the other hand, will not be prejudiced if discovery is reopened and the trial of this case is continued to a later date. With the exception of less than 20 pages of medical records related to doctor's visits at issue in Count 10, Plaintiff has not disclosed any potential records that were not already in Defendants' possession. In addition, if discovery is reopened and the trial continued, Defendants will have equal opportunity to conduct discovery and prepare for trial.

18. This Court has "broad discretion to continue trial and reopen discovery as part of its power to control its docket and promote fair outcomes in a case." **See *Vinning-El v. Evans*, No. 05-CV-570-DRH, 2012 WL 13186040, at \*2 (S.D. Ill. June 19, 2012) (Ordering the reopening of discovery and continuance of trial date, 13 days in advance of trial, in seven-year-old, prisoner litigation case, after appointment of counsel and close of discovery, where failure to do so would prejudice plaintiff and result in no prejudice to defendant**.); *See also Daniel J. Hartwig Assoc., Inc. v. Kanner*, 913 F.2d 1213, 1222 (7th Cir. 1990) (citations omitted) ("The decision to grant or deny a motion for continuance falls within the sound discretion of the trial court.")

---

assistant and Katie Bice, requesting visit with Plaintiff Timothy Cunningham, Sr. in preparation for trial, attached hereto as **Exhibit 2.**

5

19. Proceeding to trial on July 13, 2021 would result in great prejudice to Plaintiff, while reopening discovery and continuing the trial of this case would not prejudice Defendants.

WHEREFORE, Plaintiff Timothy Cunningham, Sr., respectfully requests this Court reopen discovery and continue the trial of this case to a later date.

Dated: June 20, 2021                    Respectfully submitted,

LATHROP GPM LLP


By:   */s/ Mitchell A. Martin*
      Mitchell A. Martin (IL #6313425)
      mitchell.martin@lathropgpm.com
      Pierre Laclede Center
      7701 Forsyth Boulevard, Suite 500
      Clayton, Missouri  63105
      Telephone:  314.613.2800
      Telecopier:  314.613.2801

      Attorney for Timothy J. Cunningham, Sr.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 20, 2021, the foregoing was served via the Court's ECF filing system to all attorneys of record:

                                    */s/ Mitchell A. Martin*
                                    Attorney for Plaintiff Timothy J. Cunningham, Sr.

47115598v.4