IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TIMOTHY J. CUNNINGHAM, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-cv-126-RJD |
| | ) | |
| MARCUS JENKINS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Amended Motion to Reopen Discovery and to Continue July 13, 2021 Trial (Doc. 136). For the reasons set forth below, the Motion is **DENIED**.

**Background**

Plaintiff Timothy J. Cunningham, Sr., an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this action pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act, and the Rehabilitation Act related to his incarceration at Pinckneyville Correctional Center and Lawrence Correctional Center. On January 15, 2020, the Court entered an Order granting in part and denying in part Defendants' motion for summary judgment (*see* Doc. 73). Pursuant to that Order, Plaintiff is proceeding in this case on the following claims:

> Count 8: Rehabilitation Act claim against the Illinois Department of Corrections for denial of access to telephone privileges on a comparable basis to non-disabled inmates while Plaintiff was incarcerated at Pinckneyville Correctional Center and Lawrence Correctional Center.
>
> Count 10: Eighth Amendment claim against Defendant Jenkins for failing to accommodate Plaintiff's disability pursuant to the ADA when he transported him on February 10, 2015 and March 28, 2015, causing

>   Plaintiff to wet himself and suffer humiliation.

Count 11: First Amendment retaliation claim against Defendants Jenkins, Bridwell, Johnson, and Dunlap for denying Plaintiff ice distribution between June 19, 2015 and October 22, 2015, conducting compliance checks, and cutting short meal times in response to Plaintiff filing grievances.

Shortly after the Court's entry of its Order on summary judgment, it assigned counsel to represent Plaintiff to "ensure that the final pretrial conference and trial run more efficiently" (*see* Docs. 74 and 76). Discovery was not fully reopened and the purpose of the assignment of counsel was to prepare this matter for trial. Since counsel has been assigned, Plaintiff (through counsel) has diligently engaged in limited discovery and was granted leave to issue written discovery aimed at obtaining the contact information of an inmate witness and other possible witnesses (*see* Doc. 90), and take the depositions of Defendant Jenkins (*see* Doc. 94), Inmate Andrew Robertson (*see* Doc. 103), and a Rule 30(b)(6) deposition of the IDOC limited to topics aimed at identifying Inmate Brown (*see* Doc. 104).

This matter is currently set for a final pretrial conference on June 28, 2021, and trial on July 13, 2021. Plaintiff asks that these dates be continued, and discovery reopened due to Defendants' recent identification of nearly 1,200 pages of documents and 22 witnesses in their Rule 26(a)(3) pretrial disclosures.

In support of his argument, Plaintiff (through counsel) explains that Defendants had only previously served 67 pages of documents with their Initial Disclosures, and that none of the additional 1,178 pages of new documents were contained therein or attached to Defendants' motion for summary judgment. These new documents include (among others): medical records; call records; communication logs; Plaintiff's cumulative counseling summary; and a security summary for escorts. Plaintiff asserts that many of these documents, such as 651 pages of

medical records, contain large swaths of confidential and irrelevant information. Plaintiff also complains that each page of the 368 pages of Communications Logs contain substantial redactions without any privilege log, making it impossible to determine what evidentiary value the documents may have.

Plaintiff argues he will have to review all of the documents, confer with his client, and determine whether the documents are relevant, whether they have foundation, and what, if anything, they mean within the context of Plaintiff's case. Plaintiff asserts that in order to make these determinations, he will need to depose witnesses with knowledge of the documents.

Plaintiff remarks that if he were required to proceed to trial without a full and fair opportunity to review Defendants' newly identified documents, depose the recently disclosed witnesses, and perform further discovery, he will be greatly prejudiced in the presentation of his case.

In response to Plaintiff's motion, Defendants aver that Plaintiff is correct insofar as most of the documents produced in their pretrial disclosures had not already been produced; however, Defendants assert they previously provided all information required under the Court's Scheduling and Discovery Order and the Federal Rules. Defendants remark that Plaintiff, while proceeding *pro se*, did not request additional discovery and Plaintiff's assigned attorney only requested limited discovery. Defendants explain they served "many" documents on Plaintiff on June 11, 2021, but, as stated in Section 4 of their Rule 26(a)(3) Disclosures (Doc. 132), intend to use only about half of the documents served (approximately 600). Defendants provide the example that of the 661 pages of Plaintiff's medical records, less than 100 are expected to be used as evidence at trial.

Defendants also contend that many of the documents should not surprise or prejudice

Plaintiff. For example, Defendants argue the Communication Logs reflect the time each wing leaves and returns from meals, and indicate if ice was passed out. Defendants argue that because Plaintiff was present for these activities, he would have knowledge of the same. Defendants also assert a privilege log will be provided to counsel in relation to counsel's concerns about redactions.

Defendants argue additional discovery is not necessary as the documents speak for themselves and Plaintiff will have the opportunity to provide testimony as to what he alleges occurred and the documents will show how the institution and its employees, including Defendants, recorded these incidents. Defendants argue they would be prejudiced by continuing the trial and reopening discovery as they are prepared to try this case and continuing the trial pushes the facts in the parties' memories out further, particularly considering that the alleged constitutional violations started in 2014.

## Discussion

As a general rule, the decision whether to grant a motion to reopen discovery rests within the sound discretion of the district court. *See Winters v. Fru-Con, Inc.*, 498 F.3d 734, 743 (7th Cir. 2007). The issue before the Court is whether Defendants' identification of nearly 1,200 previously undisclosed documents pursuant to Federal Rule of Civil Procedure 26(a)(3) necessitates both a delay in the trial and reopening of discovery in this nearly four-and-a-half year old case. The Court is certainly mindful of Plaintiff and his assigned counsel's position that the sheer number of newly-identified documents places a great burden on their ability to prepare for an impending trial. However, it does not appear that Defendants violated any discovery order, court mandate, or federal rule in their recent identification of these documents. Indeed, the Court notes that Plaintiff, proceeding *pro se*, had over one year to engage in written discovery and did not request any additional discovery beyond that required in the Scheduling Order. At this stage,

summary judgment motions have been filed and an order on the same was issued more than one year ago. Although the Court assigned counsel for Plaintiff in January 2020, counsel's role is limited and focused on preparing this matter for trial, with the Court allowing only necessary and focused additional discovery for the purpose of presenting the case at trial.

Reopening discovery to the extent sought by Plaintiff at this late juncture will result in a significant delay in this already aged matter and, ultimately, allow Plaintiff a second shot at discovery he already had an opportunity to engage in. The Court also notes that merely rescheduling a trial for this case would cause substantial delay as the Court's trial calendar is congested through the calendar year and early 2022. More importantly, the Court acknowledges the prejudice Defendants would suffer if this matter were again continued, despite their adherence to the rules and orders of this Court and their efforts to prepare this matter for trial.

For these reasons, Plaintiff's Amended Motion to Reopen Discovery and to Continue July13, 2021 Trial (Doc. 136) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: June 22, 2021**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**