IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY J. CUNNINGHAM, SR., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:17-cv-126-RJD |
| MARCUS JENKINS, et al., | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Timothy J. Cunningham, Sr., a wheelchair-bound inmate in the custody of the Illinois Department of Corrections ("IDOC"), sets forth claims pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act, and the Rehabilitation Act. Plaintiff's claims arise from his incarceration at Pinckneyville Correctional Center and Lawrence Correctional Center. Plaintiff is proceeding to trial on the following claims:

  Count 8: Rehabilitation Act claim against the Illinois Department of Corrections for denial of access to telephone privileges on a comparable basis to non-disabled inmates while Plaintiff was incarcerated at Pinckneyville Correctional Center and Lawrence Correctional Center.

  Count 10: Eighth Amendment claim against Defendant Jenkins for failing to accommodate Plaintiff's disability pursuant to the ADA when he transported him on February 10, 2015 and March 28, 2015, causing Plaintiff to wet himself and suffer humiliation.

Before the Court are the motions in limine filed by Plaintiff and Defendants (Docs. 126-131). The Court has reviewed the motions and the responses thereto, and heard argument during the June 28, 2021 Final Pretrial Conference, and sets forth its rulings as follows:

**Plaintiff's Motion in Limine #1 (Doc. 126)**

Plaintiff seeks to prohibit discussion of the details of the crimes for which he is currently incarcerated, including the duration of his sentence. Plaintiff asserts such evidence is neither relevant nor admissible under Federal Rule of Evidence 609, and unfairly prejudicial under Rule 403. Defendants oppose Plaintiff's motion, asserting they intend to offer evidence of Plaintiff's prior convictions in relation to the conditions of Plaintiff's transport. More specifically, Defendants explain that an offender's security risk and behavior is assessed when preparing for transport, and, in relation to this assessment, the offender's criminal convictions and behavior are reviewed. Defendants remark that they intend to use as evidence the Security Summary for Escorts for Plaintiff's movement on February 11 and March 27, 2015, which shows Plaintiff's criminal convictions and behavior at the prison. Defendants assert this information is important in determining what, if any, restraints were necessary during transport. Defendants argue Plaintiff's Security Summary demonstrates he has a propensity for violence and, as such, establishes that box cuffs were necessary. Defendants also argue that the probative value concerning Plaintiff's criminal convictions substantially outweighs its prejudicial effect.

Federal Rule of Evidence 609(a)(1)(A) provides that evidence of a criminal conviction (punishable by death or by imprisonment of more than one year) may be admitted for the purposes of attacking a witness's character for truthfulness. This provision is subject to Federal Rule of Evidence 403, which states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

The Court agrees with Plaintiff that generally the probative value of his criminal

convictions concerning his incarceration in the Illinois Department of Corrections is substantially outweighed by the danger of unfair prejudice. However, in this instance, Defendants intend to offer into evidence a Security Summary for Escorts that sets forth the convictions for which Plaintiff is currently incarcerated. Defendants assert the Security Summary is relevant to establish why Plaintiff was placed in black box restraints while being transported.

Plaintiff's motion in limine is **GRANTED IN PART AND DENIED IN PART**. Generally, Defendants may introduce evidence that Plaintiff has been convicted of felonies and is/has been incarcerated with the Illinois Department of Corrections for an extended period of time, without introducing evidence identifying the specific crimes for which Plaintiff was incarcerated. However, insofar as Plaintiff introduces evidence or puts the appropriateness of his black box restraints at issue, his motion is **DENIED** and Defendants will be allowed to introduce evidence of his criminal convictions to the extent they were relevant to the use of particular restraints for transport.

**Plaintiff's Motion in Limine #2 (Doc. 127)**

Plaintiff seeks to bar testimony or evidence of his prison disciplinary record. Plaintiff asserts his disciplinary history is generally not admissible because the probative value of the same is outweighed by the risk of prejudice.

Defendants assert they do not intend to introduce Plaintiff's disciplinary history unless Plaintiff opens the door to such evidence.

Plaintiff's motion is **GRANTED IN PART AND DENIED IN PART**. Defendants shall be barred from introducing Plaintiff's disciplinary record unless it is for impeachment purposes or Plaintiff otherwise opens the door to the same. Insofar as Plaintiff's disciplinary record is mentioned or included in the Security Summary, if Plaintiff introduces evidence or puts the

appropriateness of his black box restraints at issue, his motion is **DENIED** and Defendants will be allowed to introduce evidence of his disciplinary history to the extent it was relevant to the use of particular restraints for transport.

**Plaintiff's Motion in Limine #3 (Doc. 128)**

Plaintiff asks that he be permitted to appear at trial unshackled, or as minimally restrained as necessary, and in street clothing.

Defendants indicate they do not object to Plaintiff being minimally restrained while the jury is present; however, Defendants defer to courtroom security and IDOC transporting officers. Defendants also do not object to Plaintiff appearing in street clothing, and note that Plaintiff will be provided court attire from his institution, which generally includes a plain button-down shirt and pants.

Plaintiff's Motion is **GRANTED IN PART**. Plaintiff shall be permitted to wear civilian clothing during the course of the trial, provided said clothing is approved by IDOC. Security permitting, Plaintiff will not be handcuffed during the course of the trial and any leg shackles will be obstructed from the view of the jury (the Court acknowledges that adjustments may need to be made based on Plaintiff's use of a wheelchair).

**Plaintiff's Motion in Limine #4**

Similar to Plaintiff's Motion in Limine #1, Plaintiff seeks to bar testimony or evidence of Plaintiff's criminal history. Plaintiff asserts Defendants should not be permitted to introduce any evidence of his criminal history prior to the convictions for which he is currently incarcerated due to the prejudicial effect of the same.

Defendants oppose Plaintiff's motion, asserting they intend to offer evidence of Plaintiff's prior convictions in relation to the conditions of Plaintiff's transport. More specifically,

Defendants explain that an offender's security risk and behavior is assessed when preparing for transport, and, in relation to this assessment, the offender's criminal convictions and behavior are reviewed. Defendants remark that they intend to use as evidence the Security Summary for Escorts for Plaintiff's movement on February 11 and March 27, 2015, which shows Plaintiff's criminal convictions and behavior at the prison. Defendants assert this information is important in determining what, if any, restraints were necessary during transport. Defendants argue Plaintiff's Security Summary demonstrates he has a propensity for violence and, as such, establishes that box cuffs were necessary. Defendants also argue that the probative value concerning Plaintiff's criminal convictions substantially outweighs its prejudicial effect.

Federal Rule of Evidence 609(a)(1)(A) provides that evidence of a criminal conviction (punishable by death or by imprisonment of more than one year) may be admitted for the purposes of attacking a witness's character for truthfulness. This provision is subject to Federal Rule of Evidence 403, which states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

The Court agrees with Plaintiff that the probative value of his past criminal convictions is substantially outweighed by the danger of unfair prejudice. Plaintiff's motion in limine is therefore **GRANTED**. The Court reiterates, however, that pursuant to its ruling on Plaintiff's Motion in Limine #1, insofar as Plaintiff introduces evidence or puts the appropriateness of his black box restraints at issue, Defendants will be allowed to introduce evidence of his criminal convictions to the extent they were relevant to the use of particular restraints for transport.

**Plaintiff's Omnibus Motion in Limine (Doc. 130)**

1. Plaintiff seeks to exclude any reference or mention of Plaintiff's reputation with regard to character, arguing such references are not relevant. Defendants agree that character evidence is inadmissible. Plaintiff's Motion is **GRANTED**.

2. Plaintiff seeks to exclude evidence concerning any settlement discussions, negotiations or offers between any of the parties or their representatives, arguing such information is irrelevant and prejudicial. Defendants agree that evidence of settlement negotiations is inadmissible. Plaintiff's Motion is **GRANTED**.

3. Plaintiff seeks to exclude any reference to Plaintiff as a "prisoner" or "inmate," and asserts that all parties should refer to Plaintiff by name or as "Plaintiff." Defendants object, arguing it is unavoidable to refer to Plaintiff as an inmate or a prisoner. Defendants assert that Plaintiff's circumstances as a prisoner or inmate is the basis for his complaint, and that witnesses and defendants are accustomed to referring to people as inmate or offender and use those terms as descriptions for individuals at the prison, not as a derogatory term. Plaintiff's Motion is **DENIED**.

4. Plaintiff seeks to bar any attempt by Defendants to call any witnesses at trial other than those that have been specifically identified. Defendants do not object to limiting their witnesses to their witness list and Rule 26(a)(3) disclosures. Plaintiff's Motion is **GRANTED**.

5. Plaintiff seeks to bar any reference or mention that any motion in limine has been requested or denied or granted in whole or in part. Defendants do not object to a prohibition on referencing motions in limine, unless necessary to make a record. Plaintiff's Motion is **GRANTED**. No mention shall be made of any motion in limine except where necessary to make a record.

**Defendants' Motions in Limine (Doc. 131)**

1. Defendants seek to bar Plaintiff and his witnesses from testifying at trial regarding the causation of any medical or mental health condition. Defendants assert expert testimony is necessary to explain the complex nature of any relationship between Plaintiff's injuries, the extent of the injuries, and any causation of long-term medical or mental health conditions. Because Plaintiff lacks medical training, Defendants argue he is not equipped to render conclusions or opinions about the cause of any medical conditions.

Defendants agree that Plaintiff can testify to his own experiences as a layperson, but should not be able to testify regarding any long-term effects the alleged action or inaction of Defendants caused him.

Plaintiff stipulates that he is not qualified to offer expert medical testimony. However, Plaintiff asserts Federal Rule of Evidence 701 authorizes him to offer lay opinion testimony regarding matters: (1) based on his understanding; (2) helpful to understanding his testimony or understanding facts in issue; and (3) not based on scientific, technical, or other specialized knowledge. Plaintiff asserts this includes lay testimony about medical issues that do not require expert understanding, including testimony regarding his own injuries, sensations, physical pain and suffering, mental or emotional pain and suffering, and humiliation.

Defendants' Motion is **GRANTED IN PART AND DENIED IN PART**. Plaintiff may testify as to his own personal experience and observations related to his medical issues, but shall be prohibited from testifying as to the causation of any specific medical diagnosis. *See Gil v. Reed*, 381 F.3d 649, 659 (7th Cir. 2004) ("no expert testimony is needed when the symptoms exhibited by the plaintiff are not beyond a layperson's grasp").

2. Defendants seek to bar Plaintiff from offering the inadmissible hearsay statements of any medical or mental health professionals. Defendants argue any statements made by medical

professionals to Plaintiff are inadmissible hearsay and cannot be used as evidence. Plaintiff responds that his medical records and the statements therein should be allowed into evidence under certain exceptions to the rule against hearsay, including Then-Existing Mental, Emotional, or Physical Condition, Statement Made for Medical Diagnosis or Treatment, and Records of a Regularly Conducted Activity. Defendants' Motion is **GRANTED**. Statements of medical or mental health professionals will only be admitted so long as they are not hearsay.

3. Defendants seek to bar Plaintiff from offering testimony or otherwise suggesting that the State of Illinois will indemnify Defendants. Plaintiff does not object except to the extent it may be appropriate evidence offered for impeachment. Defendants' Motion is **GRANTED**.

4. Defendants seek to prohibit Plaintiff from offering evidence or testimony of other lawsuits involving Defendants, arguing that such evidence is not relevant, creates a danger of unfair prejudice, may mislead the jury, and confuse the issues. Plaintiff states that he generally agrees that unless there has been a judgment entered against one or more Defendants showing they were found liable for engaging in essentially the same conduct, evidence of other lawsuits is not admissible, except to the extent it is properly offered for impeachment.

Defendants' Motion is **GRANTED**. Plaintiff shall be barred from introducing evidence of other lawsuits involving Defendants unless it is for impeachment purposes.

5. Defendants seek to prohibit Plaintiff from offering evidence or testimony of any misconduct, reprimand, or grievance issued against them, arguing that such evidence is not relevant, creates a danger of unfair prejudice, may mislead the jury, and confuse the issues.

Plaintiff asserts that to the extent Defendants seek to exclude evidence of grievances related to Defendant Jenkins' transport of Plaintiff on February 10, 2015 and March 27, 2015 in Count 10, or the allegations alleged against IDOC in Count 8, it should be denied. Plaintiff posits that

grievances related to the claims in this lawsuit are highly relevant under Rules 401 and 402. Plaintiff also argues that because these grievances relate directly to, and are a part of the allegations in this case, they cannot be excluded as prior bad acts under Rule 404(b). At the Final Pretrial Conference, Plaintiff clarified that he only seeks to offer grievances into evidence if Defendants seek to introduce responses to the grievances into evidence. Defendants indicated that if they ask the Court to admit any grievances responses they would admit the entire grievance for context.

Defendants' Motion is **GRANTED**. The Court generally finds that grievances are inadmissible hearsay. However, such records may be admissible if they are relevant and are not being offered for the truth of the matter asserted.

6. Defendants seek to prohibit Plaintiff from offering evidence or testimony referencing any "Golden Rule" appeal. Plaintiff indicates he does not intend to make any improper "Golden Rule" appeal. Defendants' Motion is **GRANTED**.

7. Defendants seek to prohibit Plaintiff from offering his own grievances as evidence because Plaintiff would be offering the grievances for their truth and, as such, the grievances are inadmissible hearsay. Plaintiff argues he should be permitted to rely upon his own grievances while testifying to demonstrate notice to Defendants, to establish a timeline, to show the effect on the listener and/or Defendants' responses, and for additional purposes other than the truth of the matter asserted. Defendants' Motion is **GRANTED**. As set forth above in response to Defendants' Motion in Limine #5, the Court generally finds that grievances are inadmissible hearsay; however, such records may be admissible if they are relevant and are not being offered for the truth of the matter asserted.

**IT IS SO ORDERED.**

**DATED: June 30, 2021**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**