IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY J. CUNNINGHAM, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  17-cv-126-RJD |
| ) | |
| MARCUS JENKINS, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Timothy J. Cunningham, Sr. is an inmate in the custody of the Illinois Department of Corrections.  Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.  His claims were tried before a jury in July 2021, and the jury found in favor of Defendants.  Judgment was entered on July 15, 2021.

Now pending before the Court is the Bill of Costs filed by Defendants (Doc. 208). Defendants seek to have Plaintiff pay $682.75 for deposition transcripts used in defending the case.  Plaintiff filed an objection asking that the Court deny Defendants' costs, citing concerns and inconsistencies in the invoices for the deposition transcripts of Cunningham and Jenkins. Plaintiff also complains that Defendants' request for costs is out of time, having been filed more than 14 days after the judgment was entered.

Federal Rule of Civil Procedure 54(d)(1) provides that "costs — other than attorney's fees — should be allowed to the prevailing party" unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise.  Recoverable costs under 28 U.S.C. § 1920 include: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts

necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services.  28 U.S.C. § 1920(1)-(6).  "The rule provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise."  *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006).

First, Plaintiff cites concern over the timing of Defendants' filing of their bill of costs, relying on Federal Rule of Civil Procedure 54(d)(2)(B)(i), and asserting the bill of costs should be denied as untimely.  Plaintiff's citation to Rule 54(d)(2)(B)(i) is not applicable as said Rule concerns attorney's fees, which are not at issue here.   The only timeframe regarding a bill of costs set forth in Rule 54(d) is for taxing costs (i.e., "[t]he clerk may tax costs on 14 days' notice.").  Rule 54(d) does not set forth a deadline for *filing* a bill of costs.  *See S.A. Healy Co. v. Milwaukee Metro. Sewerage Dist.*, 60 F.3d 305, 307 (7th Cir. 1995).   Notably, no court order or local rule in this case established a deadline for filing a bill of costs.  *See* SDIL-LR 54.2.   Despite a lack of a deadline, an unreasonable delay may be a factor the Court considers in exercising its discretion to deny all or part of a costs award.  Also, where there is no deadline, it is well-established that a party may wait until after an appeal to file a bill of costs.  *See, e.g., Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 221 (7th Cir. 1988) (noting "where no local rule sets a time limit for filing a bill of costs, Rule 54(d) – which does not include any specific time limit – allows a prevailing party to wait until after appeal to file its bill.") (citation omitted). Here, judgment was entered on July 15, 2021 (Doc. 180).  Plaintiff filed a notice of appeal and motion for a new trial on August 12, 2021 (Docs. 181, 182).  Defendants' bill of costs was filed on

Page **2** of **5**

October 19, 2021 (Doc. 208). If a party can wait until after an appeal to file a bill of costs, the Court finds it reasonable for Defendants to wait three months to file their bill of costs while Plaintiff's appeal was pending. Thus, the Court finds Defendants' bill of costs was timely.

Plaintiff also complains of certain transcription costs related to his deposition and the deposition of Marcus Jenkins. More specifically, Plaintiff notes inconsistencies in the invoices for these deposition transcripts, as the transcript for Plaintiff's deposition does not include the number of pages. Plaintiff also questions whether the charges for "attorney remote attendance/videoconference" and "E-transcript, PDF & Scrunch" for the Jenkins deposition was necessary as these costs were not included for Plaintiff's deposition.

A prevailing party may recover "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). However, costs for electronic copies or "e-transcripts" are not recoverable, nor are delivery or handling costs. *First Midwest Bank v. City of Chicago*, 337 F.Supp.3d 749, 785 (N.D. Ill.) (citations omitted) (reversed on other grounds). Thus, a reduction of $30.00 for "e-transcript, PDF & scrunch" associated with the deposition of Marcus Jenkins must be subtracted from the total amount of costs due. The Court also finds a charge of $100.00 for "attorney remote attendance/videoconference" is not recoverable in this instance as Defendants have not set forth why remote attendance was necessary or warranted.

Although Plaintiff complains that the invoice for his deposition did not include page numbers and cost per page, Plaintiff has not pointed to any authority requiring invoices for deposition transcripts to include page numbers in order to be recoverable, and the Court is unaware of any such authority. A review of the record establishes that Plaintiff's deposition was a total of 85 pages (*see* Doc. 56-1). At a total cost of $323.00, the transcript fee is reasonable and below the

Judicial Conference rate of $3.65 per page once the e-transcript discount of $17.00 is taken into account.

Based on the foregoing, the total amount of recoverable costs Defendants can seek is $552.75. The Court, however, also considers Plaintiff's ability to pay as he proceeded in this action *in forma pauperis*.

The denial of costs may be warranted if the losing party is indigent and has no ability to pay. *Id.* To deny a bill of costs on the grounds of indigence, "the district court must make a threshold factual finding that the losing party is 'incapable of paying the court imposed costs at this time or in the future.'" *Id.* at 635 (quoting *McGill v. Faulkner*, 18 F.3d 456, 460 (7th Cir. 1994)). "The burden is on the losing party to provide the district court with sufficient documentation to support such a finding." *Id.* (internal quotations omitted). Next, the district court "should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Id.*

Plaintiff was granted *pauper* status when this action commenced, and he has been continuously incarcerated throughout the course of this litigation (*see* Doc. 6). However, despite his *pauper* status, at around the time he filed his objection to Defendants' Bill of Costs, Plaintiff had approximately $1,098.29 in his trust fund account. It appears Plaintiff receives outside funds deposited to his trust fund account periodically. Based on a review of Plaintiff's trust fund account statements, the Court cannot find that Plaintiff is wholly incapable of paying court-imposed costs in this case.

The Court also finds that this action was not frivolous and involved important constitutional rights under the Eighth Amendment. The Court believes Plaintiff's pursuit of this action was in good faith even though he did not prevail, but that he should not be completely

relieved of the obligation to pay Defendants' costs.

For these reasons, the Court **OVERRULES** Plaintiff's objection to costs, but will reduce the amount of costs to $219.66.  This amount represents 20% of Plaintiff's trust fund account balance at the time his objection was filed, which the Court finds reasonable under the circumstances.  The Court **ORDERS** an award of costs in the total amount of $219.66 to Defendants, and the Clerk of Court shall tax costs in this amount against Plaintiff.

**IT IS SO ORDERED.**

**DATED: May 17, 2022**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**